ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DANIEL RIVERA COLÓN,<br><br>Recurrente,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN,<br><br>Recurrida. | KLRA202400345 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación.<br><br>Núm.: MA-13-24.<br><br>Sobre: reclamaciones médicas. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 23 de agosto de 2024.

El recurrente, Daniel Rivera Colón (señor Rivera Colón), incoó el presente recurso de revisión el 28 de junio de 2024, y solicitó la revocación de la *Resolución* emitida el 12 de febrero de 2024. Mediane esta, el Departamento de Corrección y Rehabilitación, División de Remedios Administrativos (Departamento), determinó que, para ser evaluado por la clínica de ortopedia, el recurrente necesitaba un referido. A su vez, le sugirió solicitar un *sick call* para discutir sus condiciones de salud con el médico de la institución.

Evaluadas las sendas posiciones de las partes comparecientes, **confirmamos** la determinación de la agencia recurrida.

I

El 18 de enero de 2024, el señor Rivera Colón presentó una solicitud de remedio administrativo ante el Departamento[1]. Mediante su escrito, solicitó ser atendido por un ortopeda. Adujo que contaba con los referidos para ello, y que sufría de artritis en ambas manos, dolores en sus manos, espalda baja y pierna izquierda. Además, señaló que, el 6 de diciembre de 2023, fue atendido por un fisiatra, quien se negó a otorgarle el cuidado

---

[1] *Véase*, apéndice del recurso, a la pág. 1.

Número identificador

SEN2024 _____

requerido. Además, sostuvo que tanto el Departamento como *Physician Correctional* se habían rehusado a brindarle los servicios solicitados, a pesar de tener los referidos médicos pertinentes. Por último, añadió que sus condiciones le causaban depresión, angustias mentales y daños emocionales.

El 21 de marzo de 2024, el Departamento notificó su respuesta al señor Rivera Colón[2]. En síntesis, le informó que para ser evaluado en la clínica de ortopedia era necesario un referido. Le sugirió que solicitara el *sick call*[3] para que discutiese sus condiciones de salud con el médico de la institución o acudiera a la sala de emergencia según la urgencia que se presentara.

Insatisfecho, el 12 de abril de 2024, el recurrente presentó una solicitud de reconsideración[4]. Resaltó que a pesar de haber solicitado el *sick call* no se había remediado su situación, ni se le había referido a un especialista. Sostuvo que le había notificado a las enfermeras y a los agentes correccionales sobre sus condiciones de salud y el dolor paralizante del que padecía. No obstante, estos no realizaron gestión alguna para facilitarle el acceso al tratamiento.

El 6 de mayo de 2024, el Departamento acogió la solicitud de reconsideración[5]. Luego, el 6 de junio de 2024, el Departamento emitió su resolución, la cual fue notificada el **12 de junio de 2024**[6]. Según la determinación emitida por la agencia, luego de corroborar con el área médica, se había constatado que el señor Rivera Colón no contaba con un referido para la consulta con un ortopeda. Por tanto, orientó al recurrente a

---

[2] *Véase*, apéndice del recurso, a las págs. 2-3.

[3] El *sick call* se refiere a un sistema estandarizado para el manejo de solicitudes de servicios médicos o padecimientos que no sean emergencias. El mismo está disponible a diario para que las personas confinadas soliciten, fuere por escrito o de manera oral, servicios relacionados a salud dental, salud mental o salud física. *Véase*, https://dcr.pr.gov/wp-content/uploads/2023/05/SERVICIOS-PROFESIONALES-Entidad-para-administrar-el-Programa-de-Salud-Correccional.pdf (última visita 22 de agosto de 2024).

[4] *Véase*, apéndice del recurso, a la pág. 4.

[5] *Íd.*, a las págs. 5-6.

[6] *Íd.*, a las págs. 7-8.

solicitar el *sick call* o a esperar la cita con el internista para que le presentara sus inquietudes médicas y se auscultara si era necesaria la clínica ortopédica.

Inconforme aún, el señor Rivera Colón instó este recurso el 28 de junio de 2024, y adujo la comisión del siguiente error: "La dilación en proveer atención médica se considera un trato cruel e inusitado".

El 16 de agosto de 2024, el Departamento, por conducto de la Oficina del Procurador General, presentó su escrito en oposición. En síntesis, arguyó que la determinación del Departamento fue razonable y debía ser confirmada.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

Es norma reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026 (2020). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013).

Así pues, las determinaciones de hechos de organismos y agencias "**tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas**". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). (Énfasis nuestro). Es por ello que la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

Cónsono con lo anterior, con el propósito de "convencer al tribunal de que la evidencia en la cual se fundamentó la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar

que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 131 (1998).

No obstante, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011); *Asoc. Fcias. V. Caribe Specialty et al. II*, 179 DPR 923, 941 (2010). Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

III

En este caso, el señor Rivera Colón aduce que padece de unas condiciones de salud que ameritan ser atendidas por un ortopeda. Arguye, no solo que cuenta con los referidos médicos requeridos para ser atendido por este especialista, sino que la dilación en proveerle la atención médica solicitada ha resultado en un trato cruel e inusitado.

Por su parte, el Departamento sostiene que, contrario a lo planteado por el señor Rivera Colón, **corroboró** que en el expediente del recurrente no obra referido alguno a servicios de ortopedia. Aún más, arguye que conforme las propias expresiones del recurrente este fue evaluado por un

fisiatra el 6 de diciembre de 2023, el cual no recomendó ningún tratamiento particular, ni le refirió a un ortopeda. La parte recurrida resalta que las contestaciones recibidas por el señor Rivera Colón han sido razonables y conforme a derecho. Por tanto, deben ser confirmadas por este foro.

Evaluada la totalidad del expediente, surge **que el Departamento no le negó tratamiento médico al señor Rivera Colón**. De hecho, el Departamento al atender tanto la solicitud de remedio administrativo, como la reconsideración, orientó al recurrente sobre su alternativa de solicitar el *sick call* o solicitar una cita médica con una internista para ser evaluado. Ello, pues el referido de este médico primario es requisito para poder solicitar tratamiento en la clínica de ortopedia u algún otro médico especialista.

Cabe señalar que el señor Rivera Colón no nos colocó en posición de determinar que el Departamento hubiera abusado de su discreción al requerirle un referido para visitar la clínica de ortopedia o algún internista. Es decir, el recurrente no presentó prueba alguna sobre sus condiciones médicas o las presuntas denegatorias de servicio.

En consecuencia, colegimos que la decisión administrativa se fundamenta en una base racional, que merece nuestra deferencia. En fin, el señor Rivera Colón no derrotó la presunción de corrección de la decisión impugnada.

IV

Por los fundamentos expuestos, **confirmamos** la determinación administrativa recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones